IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>MARK SIMONS, JOYCE SIMONS et al.<br><br>                Defendants. | ORDER<br><br>Case No. 2:06CV750 DAK |

      This matter is before the court on Plaintiff United States of America's Motion to Dismiss Defendants' Amended Counterclaim and on Defendants' Second Motion to Dismiss. The court has carefully considered the written memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

      Defendants had previously filed a Motion to Dismiss, making essentially the same arguments as the arguments made in the instant motion.[1] The court denied that Motion to Dismiss.[2] Defendants subsequently filed a Motion for Reconsideration, which the court also denied.[3] Defendants then filed an Answer and Counterclaim, and the United States filed a

---

    [1] *See docket # 8.*

    [2] *See docket # 23.*

    [3] *See docket # 27.*

Motion to Dismiss Defendants' Counterclaims based on the same grounds as the instant Motion to Dismiss Defendants' Counterclaims.[4] After the denial of their motion, Defendants then filed a motion to reconsider, which the court also denied.[5]

The United States sought leave to file an Amended Complaint to name J.P. Morgan Chase & Co. ("J.P. Morgan Chase") as a defendant because J. P. Morgan Chase had acquired Bank One Utah, N.A., a beneficiary of a deed of trust encumbering the real property at issue. The court granted leave to file the proposed Amended Complaint.[6] The United States did not add or alter any claims against the Simonses.

Defendants subsequently filed an amended counterclaim in an attempt to overcome the prior deficiencies in their counterclaims.[7] The United States then filed a Motion to Dismiss First Amended Counterclaims, arguing that the counterclaims still suffer from the same problems that previously required dismissal.[8] Defendants then filed a Motion to Dismiss Amended Complaint, arguing the same grounds as they argued previously.[9]

The United States argues, as it did previously, that Defendants' counterclaim must be dismissed because the court lacks subject matter jurisdiction over the amended counterclaim and

---

[4] *See docket # 39.*

[5] *See docket # 43.*

[6] *See docket # 46.*

[7] *See docket # 45.*

[8] *See docket # 52.*

[9] *See docket # 56.*

because the amended counterclaim fails to state a claim upon which relief may be granted. Also, to the extent the amended counterclaim seeks injunctive relief, it is barred by the Anti-Injunction Act.

The court agrees with the United States. The Defendants have not established a waiver of sovereign immunity, and thus the court does not have jurisdiction. A party who brings an action against the United States bears the burden of establishing that the sovereign immunity of the United States has been waived. *Lonsdale v. United States*, 919 F.2d 1440, 1441 (10th Cir. 1990). Furthermore, Defendants have failed to state a claim under 26 U.S.C. § 7433. Among other things, Defendants make numerous claims based on alleged constitutional violations, but the constitutionality of federal taxation and related collection procedures is well settled. *See Charzuk v. Commissioner*, 771 F.2d 471, 472. The court agrees with the United States that Defendants' argument that they are not subject to levy because they are not federal employees or residents of the District of Columbia is frivolous.

Finally, as the court has previously found, the APA, on which Defendants rely, does not provide the remedy of a damage suit in the context of tax collection. Nor does the APA provide a basis for the Defendants to overcome the prohibitions of the Anti-Injunction Act of 26 U.S.C. § 7421(a) which bars a party form enjoining the collection of federal taxes. *See Fostvedt v. United States*, 978 F.2d 1201, 1203-1204 (10th Cir. 1992).

As to Defendants' Motion to Dismiss the Complaint against them, the motion is denied. Not only is the motion an improper second motion to dismiss that is not properly before the court, but the court has already ruled on Defendants' arguments. Defendants argue again that

the court does not have jurisdiction over them because they enjoy sovereign immunity and have not consented to be sued.  As noted in the United States' Response to the First Motion to Dismiss and in its Response to the instant motion, the Tenth Circuit has explicitly rejected this contention, holding that the argument that a "sovereign" individual is not a person subject to federal taxation is "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).   The court also finds that the United States' Amended Complaint complies with Rule 8(a) of the Federal Rules of Civil Procedure.  The United States is not required to submit evidence sufficient to prove its case at the same time it files a Complaint.

Accordingly, IT IS HEREBY ORDERED that the United States' Motion to Dismiss Defendants' Amended Counterclaim [docket # 52] is GRANTED, and the Amended Counterclaim is DISMISSED.  In addition, Defendants' Motion to Dismiss the Complaint [docket # 56] is DENIED.  The court will not entertain any motions for reconsideration pertaining to the motions at issue in this Order.  Any such motion for reconsideration will be denied upon filing, as the court has already considered and rejected Defendants' arguments on numerous occasions.

DATED this 29th day of February, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge