IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK SIMONS, *et al.*,<br><br>Defendants. | ORDER and<br>MEMORANDUM DECISION<br><br><br>Case No. 2:06-cv-750 CW |

Now before the court is a Report and Recommendation prepared by Magistrate Judge Samuel Alba (Dkt. No. 146) recommending that cross motions for summary judgment by Plaintiff United States and Defendants Mark Simons and Joyce W. Simons be granted in favor of the United States, as well as the Simons' objection to that R & R. (Dkt. No. 147).

The present action was brought by the United States in 2006 against the Simons and other defendants to reduce federal tax assessments to judgment and foreclose on federal tax liens. After a period of motion practice and discovery, the United States and the Simons filed cross motions for summary judgment. After the motions were made, this court entered an order under 28 U.S.C. § 636(b)(1)(B) referring the motions to Judge Alba for him to make a recommendation to the court. Both of the cross motions were fully briefed and Judge Alba scheduled a hearing on them. Shortly before that hearing, this court signed an order vacating the referral to Judge Alba based on the Simons' argument that their consent was needed for such a referral. Two days after entering that order, the court reversed itself *sua sponte* and reinstated its order of reference to Judge Alba, reasoning that the Simons' consent was not required to refer the case to Judge Alba

1

under § 636(b)(1)(B). (Dkt. No. 140).

After the case was once again before him, Judge Alba went forward with the hearing on the cross motions. Judge Alba reported that the Simons were present for the hearing, but refused to participate in it and made no substantive arguments, instead referring to their pleadings. After the hearing, Judge Alba entered the present R & R, which is thorough and well-reasoned. In the R & R, Judge Alba established a detailed factual record based on the parties' evidentiary submissions, addressed each of the parties' legal arguments, and recommended that the cross motions should be granted in favor of the United States.

Although the Simons objected to the R & R within the required time, their objections did not identify any purported legal or factual errors in the R & R. Instead, the Simons argued that the R & R should be stricken because they did not consent to proceeding before Judge Alba so he had no jurisdiction to hear the motions.

The court has reviewed *de novo* only the objection made by the Simons. That is, the court has considered *de novo* whether Judge Alba's R & R was invalid because the Simons did not consent to the referral of the case to him. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis added). Both this court (Dkt. Nos. 40 and 155) and the Tenth Circuit (Dkt. No. 156) have already found this objection to be without merit in this case, as a referral to a magistrate judge under § 636(b)(1)(B) does not require consent by the parties. Accordingly, the Simons' objection is OVERRULED.[1]

---

[1] To the extent that the Simons do have any specific objections to the R & R's factual findings or legal conclusions, they have likely waived their right to appellate review of those objections under the firm waiver rule. *See, e.g.*, *Casanova v. Ulibarri*, --- F.3d ----, 2010 WL

Accordingly, the R & R is ADOPTED in its entirety and both motions for summary judgment are GRANTED in the United States' favor.

SO ORDERED this 24th day of February, 2010.

_____
Clark Waddoups
U.S. District Court Judge

---

437335, *2 (10th Cir. Feb. 10, 2010). Because this issue is not before the court, however, the court will not make any firm conclusion on this issue here.