IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK SIMONS, et al.,<br><br>Defendants. | **ORDER and**<br>**MEMORANDUM DECISION**<br><br><br>Case No. 2:06-cv-750 CW |

Now before the court are the government's second motion for order of sale pursuant to 26

U.S.C. § 7403(c),[1] (Dkt. No. 192) as well as a motion by Defendants Mark Simons and Joyce W.

Simons to side aside the judgment in this case (Dkt. No. 189). For the reasons discussed below,

the court DEFERS ruling on the second motion for sale and will await further supplemental

briefing to completed relatively quickly. The Simons' motion to set aside the judgment is

DENIED because it is frivolous.[2]

---

[1] On April 7, 2011 the Tenth Circuit dismissed for lack of jurisdiction the Simons' appeal of this court's order finding the Simons liable for unpaid taxes and entering judgment in the government's favor in the amount of those taxes. The Tenth Circuit reasoned that because this court had not yet ruled on the government's motion for sale, the order was not final and so no appeal could be had. *See United States v. Simons*, No. 10-4083, Slip Op. of April 7, 2011 (10th Cir. 2011). While the court had denied the motion for sale (*see* Dkt. No. 181), the Tenth Circuit construed that denial as conditional and not on the merits, and held that the government's renewed motion for sale made during the pendency of appeal reopened the question of whether a motion for sale should issue. *See Simons*, No. 10-4083, Slip Op. at p. 4, n.2.

[2] Note that the court finds that the motions at Docket No. 178 and Docket No. 183 are MOOT.

As recently reiterated by the Tenth Circuit, whether to order a sale under Section 7403 is left to the court's discretion. *See United States v. Simons*, No. 10-4083, Slip Op. of April 7, 2011 at p. 3 (10th Cir. 2011) (citing *United States v. Brosnan*, 363 U.S. 237, 244 (1960)). In this case, Defendants Mark Simons and Joyce W. Simons have not yet made any argument as to why they contend that the court should use its discretion to deny the government's motion to sell the property at issue in this action.

Accordingly, in the interest of ensuring that the court soundly exercises its discretion, the court hereby grants leave to the Simons to file a brief that concisely and specifically sets forth their arguments as to why they contend that the court should deny the government's motion for a sale of the property. While the court cannot advise the Simons on what such a brief should include, they are warned that arguments of a frivolous nature will not be considered. If the Simons elect to file such a brief, they must do so by no later than April 29, 2011. Any response by the government shall be due by May 13, 2011, and any reply is due by May 20, 2011.

SO ORDERED this 8th day of April , 2011.

Clark Waddoups
U.S. District Court Judge