IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARK SIMONS, et al., <br><br> Defendants. | **ORDER and** <br> **MEMORANDUM DECISION** <br><br><br> Case No. 2:06-cv-750 CW |

Now before the court are the government's second motion for order of sale pursuant to 26 U.S.C. § 7403(c) (Dkt. No. 192), and a motion to dismiss by Defendants Mark Simons and Joyce W. Simons (Dkt. No. 201).

As the court noted in its previous Order, whether to order a sale under Section 7403 is left to the court's discretion. *See United States v. Simons*, 419 Fed. Appx. 852, 856 (10th Cir. 2011). In *United States v. Rodgers*, 461 U.S. 677 (1983), the Supreme Court gave guidance on how a court should exercise its power to order a sale under Section 7403. The Court set out various considerations, including "the likely prejudice to the third party, [including] personal dislocation costs." *Id.* at 711. The Court emphasized that there is no "'mechanical checklist' to the exclusion of common sense and consideration of special circumstances." *Id.* at 711.

In an earlier Order, the court instructed the Simons to file a brief arguing why the court should use its discretion to deny the government's motion to sell the property at issue in this action. The Simons make two main arguments on this issue. First, they state that the properties at issue are their home and work place, and second, they contend that the sale price would only

1

represent a small fraction of the total judgment against them.

In the end, neither of these arguments are compelling reasons not to order the sale. While the court is sympathetic to the fact that the Simons will have to find new places to live and work, such circumstances are unfortunately not unique to the Simons or exceptional in general. Moreover, though the sale will not cover more than a small part of the total judgment in this case, that fact is not a reason not to allow the sale. Accordingly, the court GRANTS the United States' motion for a sale. The court shall file a separate order outlining the terms of the sale.

Defendants' motion to dismiss is DENIED because it is frivolous.

## ORDER

For the reasons stated above, the court ORDERS as follows:

the United States' motion for sale (Dkt. No. 192) is GRANTED and

Defendants' motion to dismiss (Dkt. No. 201) is DENIED.

SO ORDERED this 30th day of August , 2011.

Clark Waddoups
U.S. District Court Judge